IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| INNOVATIVE ACCOUNTING SOLUTIONS, INC., a Michigan Corporation, individually and as the representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>CREDIT PROCESS ADVISORS, INC., ACCOUNT ADJUSTMENT BUREAU, INC., VELO LEGAL SERVICES, PLC d/b/a VELO LAW or VELO LAW OFFICE, SCOTT RENNER, and JOHN DOES 1-12,<br><br>      Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff, Innovative Accounting Solutions, Inc. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants Credit Process Advisors, Inc. ("Credit Process"), Account Adjustment Bureau, Inc. ("Adjustment Bureau"), Velo Legal Services, PLC d/b/a Velo Law or Velo Law Office ("Velo"), Scott Renner ("Renner"), and John Does 1-12, (collectively "Defendants"):

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements.

2. Defendants sent fax advertisements in an attempt to promote a seminar about the management of accounts receivable.

3. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that when a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously displayed on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation.  If the Court finds the advertisements were sent knowingly or willfully, then the Court may treble the damages.

6. Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy.  Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the common law of conversion.

8. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff is a Michigan Corporation with its principal place of business in Oakland County, Michigan.

10. Defendant Credit Process Advisors, Inc., is a Michigan Corporation with its principal place of business in Wayne County, Michigan

11. Defendant Account Adjustment Bureau, Inc., is a Michigan Corporation with its principal place of business in Wayne County, Michigan.

12. Defendant Velo Legal Services, PLC d/b/a Velo Law or Velo Law Office is a Michigan Professional Limited Liability Company with its principal place of business in Kent County, Michigan.

13. On information and belief, Defendant Scott Renner is a resident of Kent County, Michigan.

14. Plaintiff included Defendants John Does 1-12 as it is not clear whether any entities or persons other than Credit Process, Adjustment Bureau, Velo, or Renner actively participated in the transmission of the subject fax advertisements, or benefitted from the transmissions.

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

16. Venue is proper in the Western District of Michigan because Defendant Velo is located within the District.

## FACTS

17. During the month of April 2015, three unsolicited fax advertisements were sent to Plaintiff. Exhibit A.

18. The subject faxes advertise the goods, products or services of Defendants. Id. All three faxes attempt to recruit small business owners to attend an accounts receivable seminar held in Troy, Michigan. Id. The faxes contained in Exhibit A contain information about the location, price, and topics of the seminar that Defendants are attempting to market.

19. Defendants sent, or caused these unsolicited fax advertisements to be sent to Plaintiff and a class of similarly-situated persons.

20. Upon information and belief, Defendant Renner actively participated in the scheme to send the subject unsolicited fax advertisements to persons without first obtaining their express permission in that he drafted the subject faxes, actively participated in determining where the subject faxes would go, and actively participated in transmitting the subject faxes.

21. Plaintiff did not invite or give permission to anyone to send it the faxes contained in Exhibit A.

22. The faxes contained within <u>Exhibit A</u> do not contain clear and conspicuous opt-out notices.

23. On the face of the subject faxes, there are no opt-out notices that contain a domestic toll free number available to Plaintiff to make an opt-out request 24 hours a day, 7 days a week, as required by the TCPA. <u>Exhibit A</u>.

24. On information and belief, Defendants sent the same facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that Plaintiff never gave permission to anyone to send the subject fax advertisements to it, that Plaintiff never conducted business with Defendants, and that sending advertisements by fax is a very cheap way to reach a wide audience.

25. There are no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

26. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by "Credit Process Advisors" , that did not contain an opt-out notice that complied with federal law.

27. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the

legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

28. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

29. **Numerosity/Impracticality of Joinder**: On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

30. **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

6

a. Whether Defendants sent fax advertisements;

b. Whether the faxes contained in <u>Exhibit A</u> advertised the commercial availability of property, goods or services;

c. The manner and method Defendants used to compile or obtain the lists of fax numbers to which they sent the faxes contained in <u>Exhibit A</u> and other unsolicited fax advertisements;

d. Whether Defendants' faxed advertisements without first obtaining the recipients' express permission or invitation;

e. Whether Defendants' lack of an opt-out notice violated the TCPA;

f. Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

g. Whether Plaintiff and the other Class members are entitled to statutory damages;

h. Whether Defendants should be enjoined from faxing advertisements in the future;

i. Whether the Court should award trebled damages;

j. Whether Defendants' conduct as alleged herein constituted common law conversion; and

k. Whether Defendants' conduct as alleged herein constituted statutory conversion.

31. **Typicality of claims**:  Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received unsolicited fax advertisements from Defendants that also did not contain an opt-out notice pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

32. **Adequacy of Representation**:  Plaintiff is an adequate representative of the Class because its interests do not conflict with the interest of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

33. **Prosecution of Separate Claims Would Yield Inconsistent Results**: Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

34. **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

35. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons.

37. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

38. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services

9

which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

39. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

40. In relevant part, the TCPA states that "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47. U.S.C. § 227 (b) (2) (D) (i).

41. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting

10

the requirements under subparagraph (E) is unlawful . . ." 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200 (a) (4) (iii) (B).

42. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

43. Moreover, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

44. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

45. Defendants violated 47 U.S.C. § 227 et seq. by sending advertisements by fax (such as <u>Exhibit A</u>) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

46. Defendants violated 47 U.S.C. § 227 et seq. by not providing a clear and conspicuous opt-out notice. Defendants failed to include any form of an opt-out notice on the faxes. <u>Exhibit A</u>.

47. Defendants violated 47 U.S.C. § 227 et seq. by not including any opt-out notices that Defendants were to comply with any opt-out request within 30

days, or their conduct would be considered unlawful. Furthermore, Defendants violated 47 U.S.C. § 227 et seq. by not including a domestic telephone number for the recipients to make an opt-out request. Exhibit A.

48. Facsimile advertising imposes burdens on unwilling recipients that are distinct from the burden imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the senders fail to enable the recipients with the appropriate information to stop the burden imposed by this form of advertisement.

49. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

50. Moreover, Defendants are liable to Plaintiff and the other Class members under the TCPA for not including an opt-out notice even if Defendants ultimately prove that they obtained prior express permission to send the advertisements by fax or prove that Defendants had an established business relationship with Plaintiff and the other Class members.

51. Each Defendant is liable because, respectively, it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

52.     Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with Defendants, that the faxes in Exhibit A are advertisements, and that the faxes contained in Exhibit A did not display opt-out notices as required by the TCPA.

53.     Defendants' actions caused damages to Plaintiff and the other Class members.  Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A occurred outside Defendants' premises.

54.     Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00-$1,500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper.

**COUNT II**
**COMMON LAW CONVERSION**

55. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

56. Plaintiff brings Count II on behalf of itself and a class of similarly situated persons.

57. By sending Plaintiff and the other Class members unsolicited faxes, Defendants wrongfully exerted domain over Plaintiff's personal property in denial of the rights of Plaintiff. Defendants unlawfully converted Plaintiff's fax machine, toner, paper, and Plaintiff's employees' time to their own use.

58. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

59. By sending the unsolicited faxes, Defendants permanently and intentionally misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

60. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

61. Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

62. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

  A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

  B. That the Court award of appropriate damages;

  C. That the Court award punitive damages;

  D. That the Court award reasonable attorney's fees;

  E. That the Court award costs of suit; and

  F. That the Court award such further relief as it may deem just and proper.

**COUNT III
STATUTORY CONVERSION UNDER
MICH. COMP. LAWS § 600.2919(a)(1)(a)**

  63. Plaintiff incorporates paragraphs 1 through 34 and 55 through 62 as though fully set forth herein.

  64. Plaintiff brings Count III on behalf of itself and a class of similarly situated persons.

  65. Defendants sent unsolicited faxes converting Plaintiff's fax machine, paper, toner, and employees' time for Defendant's own use.

  66. Defendants' actions are in violation of Mich. Comp. Laws § 600.2919(a)(1) (a) and is entitled to recover three times the amount of actual damages sustained, plus the costs and reasonable attorney fees.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.  That the Court award three times the amount of actual costs;

C.  That the Court award punitive damages;

D.  That the Court award reasonable attorney's fees;

E.  That the Court award costs of suit; and

F.  That the Court award such further relief as it may deem just and proper.

                Respectfully submitted,

                INNOVATIVE ACCOUNTING, INC., a Michigan Corporation, individually and as the representative of a class of similarly-situated persons,

                By: /s/ Phillip A. Bock

| | |
|---|---|
| Mark K. Wasvary | Phillip A. Bock |
| Mark K. Wasvary, P.C. | BOCK & HATCH, LLC |
| 2401 W. Big beaver Rd., Ste 100 | 134 N. La Salle St,, Ste. 1000 |
| Troy, MI 48084 | Chicago, IL 60602 |
| Telephone: 248-649-5667 | Telephone: 312-658-5500 |